GUNDRUM, J.
*676 ¶1 Mose Coffee appeals from judgments of conviction for operating a motor vehicle while intoxicated (OWI), second offense, and possession of THC with intent to deliver. He asserts the circuit court erred in denying his motion to suppress drug evidence found pursuant to a search of his vehicle following his arrest for OWI. Specifically, he argues the evidence should be suppressed "because there was no reason to believe that evidence of the OWI arrest would be found in the area of the vehicle searched by the officers." We conclude the court did not err and affirm.
Background
¶2 The following relevant evidence was presented at the hearing on Coffee's suppression motion.
¶3 During a traffic stop, Officer Timothy Skelton observed Coffee to have slurred speech and "very glazed over and bloodshot" eyes and detected the "strong odor" of intoxicants emanating from either Coffee or his vehicle. Following field sobriety tests, Coffee was arrested and secured in the back of Skelton's squad car.
¶4 Skelton informed two other officers who arrived on the scene as to the reason for Coffee's arrest-OWI-and asked them to search the vehicle. One of these officers located a tote-like bag on the floor behind the driver's seat. The officer testified that the set up of the vehicle was such that "anybody in the front could immediately access the back because there's nothing blocking the front of the car from the *677 back of the car."[1] Searching the bag, the officer moved various items and eventually located two mason jars containing what he believed, based on his experience, to be flakes of marijuana. The bag also contained *247 multiple cell phones and a package with a large number of small, clear plastic baggies. Following these discoveries, the officers searched the trunk, finding more marijuana and drug paraphernalia, which led to drug-related charges against Coffee, in addition to an OWI charge.
¶5 Coffee moved to suppress all of the drug evidence on the basis that he was originally arrested for OWI and it was not reasonable for officers to believe OWI-related evidence would be found near the bottom of the bag. The circuit court denied the motion, and Coffee pled to a charge of OWI, second offense, and possession of THC with intent to deliver. Coffee appeals.
Discussion
¶6 The review of a circuit court's order granting or denying a suppression motion presents a question of constitutional fact. State v. Dearborn , 2010 WI 84, ¶13, 327 Wis. 2d 252, 786 N.W.2d 97. We will uphold the court's factual findings unless they are clearly erroneous, but we independently apply constitutional principles to those facts. State v. Robinson , 2010 WI 80, ¶22, 327 Wis. 2d 302, 786 N.W.2d 463.
*678 ¶7 The Fourth Amendment of the United States Constitution and article 1, section 11 of the Wisconsin Constitution protect against unreasonable searches. State v. Reed , 2018 WI 109, ¶52, 384 Wis. 2d 469, 920 N.W.2d 56. "[W]arrantless searches are per se unreasonable under the Fourth Amendment, subject to a few carefully delineated exceptions." State v. Sanders , 2008 WI 85, ¶27, 311 Wis. 2d 257, 752 N.W.2d 713. One such exception is the search of a vehicle incident to arrest "when it is reasonable to believe that evidence of the offense of arrest might be found in the vehicle." Arizona v. Gant , 556 U.S. 332, 335, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009). The State bears the burden of proving such an exception applies. State v. Denk , 2008 WI 130, ¶36, 315 Wis. 2d 5, 758 N.W.2d 775.
¶8 In contending the circuit court erred in denying his suppression motion, Coffee argues
[a]lcohol, a legal substance, is generally consumed at home or at a bar or restaurant....
.... Without some indication that Mr. Coffee was consuming alcohol in the vehicle or that he was attempting to conceal something within the vehicle, an officer could not have a reasonable belief that alcohol-evidence of the crime of arrest-would be found [underneath other items] near the bottom of the black bag stored behind the driver's seat.
(Emphasis added.) Coffee points us to our unpublished decision in State v. Hinderman , in which we affirmed the suppression of marijuana and paraphernalia evidence found in a pouch approximately three inches by three inches by one-half to three-quarters inch during an OWI-related vehicle search.
*679 State v. Hinderman , No. 2014AP1787, 361 Wis.2d 287, 2015 WL 569134, unpublished slip op. ¶¶4, 10-11 (WI App Feb. 12, 2015). We concluded that evidence of alcohol consumption was not likely to be found in a pouch that size because it "wouldn't hold a half pint of alcohol, it wouldn't hold a can of beer, it wouldn't hold the flask[-]type things that can be used to carry alcohol." Id. , ¶10. While the State argued the search was lawful because a small, single-serving container of alcohol could have been held in the pouch, id. , ¶9, and we recognized that the pouch could have contained "one of those little one[-]shot bottles of alcohol ... commonly served on passenger jets," we concluded this possibility was "simply too remote." Id. , ¶¶10, 12. We agreed with the circuit court that there was not "a reasonable belief that evidence relating to the *248 crime of OWI would be found" in a container the size of the pouch. Id. , ¶11 (emphasis added).
¶9 We are not persuaded by Coffee's reliance on Hinderman . To begin, unlike the situation in Hinderman , in the case now before us the circuit court found that the bag at issue "certainly" was large enough to hold common alcohol containers,[2] such as "cans of beer, bottles of liquor," and Coffee does not dispute this.[3] More significantly, however, in Hinderman we ultimately relied upon the wrong standard, as Coffee does *680 in this appeal. We erroneously expressed in Hinderman that the standard was whether there was "a reasonable belief that evidence relating to the crime of OWI would be found" in the pouch. See id. , ¶11 (emphasis added). In Gant , 556 U.S. at 343, 129 S.Ct. 1710, however, the United States Supreme Court established that, in the vehicle context, a search incident to a lawful arrest is permissible "when it is 'reasonable to believe evidence relevant to the crime of arrest might be found' " in the vehicle. (Emphasis added; citation omitted). Our state supreme court has adopted this standard from Gant . See Dearborn , 327 Wis. 2d 252, ¶¶26-27, 29, 786 N.W.2d 97.
¶10 The Gant Court stated that "the offense of arrest will supply a basis for searching the passenger compartment of an arrestee's vehicle and any containers therein." Gant , 556 U.S. at 344, 129 S.Ct. 1710. Because the defendant in that case had been arrested only for driving with a suspended license, the Court concluded "police could not reasonably have believed ... that evidence of [that particular offense] might have been found" in his vehicle, and thus that offense did not supply a lawful basis for searching the vehicle. Id. The point of Gant was that there simply is no evidence related to the offense of driving with a suspended license that police reasonably could expect to find inside of a vehicle, see id. at 343-44, 129 S.Ct. 1710, so there would be no reason for an officer to search the interior of the vehicle other than purely for a fishing expedition.
¶11 OWI, however, is different. While in his briefing Coffee attempts to define the "offense of arrest" in this case as being "alcohol-related OWI," (emphasis added), he identifies no basis in the Gant decision for so limiting the offense of arrest. While it is true alcohol was the only impairing substance the *681 officer who arrested Coffee detected at the time of arrest, the offense for which he was arrested, i.e., the "offense of arrest," was "[o]perating under [the] influence of intoxicant or other drug," WIS. STAT. § 346.63 (2017-18).[4] A driver can, of course, violate this statute by being impaired solely by alcohol. However, the offense can also be committed by a driver being impaired by a single legal or illegal drug, a combination of drugs, or a combination of one or more drugs with alcohol. See § 346.63(1)(a).[5] Precisely what *249 substance or combination of substances are the cause of the impaired condition an officer observes on the scene is not always readily known. While an officer may smell a strong, weak, or moderate odor of alcohol, obviously indicating that alcohol is likely at least one substance contributing to the driver's impaired condition, this initial observation does not always tell the full story. It is not unusual for a driver's impaired condition to be caused by a potpourri of substances-some legal, some illegal, some easily detected, some not-sometimes including alcohol, sometimes not. All such substances are relevant to proving that the driver is in violation of § 346.63(1)(a) due to driving while impaired by either drugs, alcohol, or both. *682 ¶12 Unlike the situation where the only offense of arrest is driving with a suspended license, where the offense of arrest is OWI-and thus the arresting officer has probable cause to believe the driver is under the influence of alcohol, one or more drugs, or a combination of substances-the officer has a reasonable belief that evidence of the use of alcohol or one or more drugs, i.e., evidence of OWI, might be found in the vehicle including in any containers therein. Not only could an officer find evidence related to the offense of OWI, it indeed would not be surprising for an officer to find such evidence as, for example, a copy of a credit card receipt showing very recent purchases of alcoholic drinks at a local bar, a partially or fully consumed can of beer or bottle of hard liquor, a prescription drug bottle, or drug paraphernalia or residue.[6]
¶13 Based upon the foregoing, we hold as a matter of law that when an officer lawfully arrests a driver for OWI, even if alcohol is the only substance detected in relation to the driver, a search of the *683 interior of the vehicle, including any containers therein, is lawful because it is reasonable to believe evidence relevant to the offense of OWI might be found. Thus, the search of Coffee's vehicle in this case was lawful and the circuit court properly denied his suppression motion.[7]
By the Court. -Judgments affirmed.

The circuit court found that the bag was within "arm's reach, right behind the driver's seat," and based on this location, Coffee, as the driver, "could clearly put his hand behind him and place an object in that bag."

In addition to the two mason jars found in the bag, the bag also contained cords, cables, multiple phones, a package of baggies, cardboard packaging, a box of light bulbs, some clothing, and a pouch.

Of note, our decision in State v. Hinderman seems to suggest we would have found the search in that case lawful and not suppressed the drug evidence if the pouch had been large enough to hold more common alcohol containers as opposed to just possibly being able to hold "a small, one-shot bottle of alcohol commonly served on passenger jets." See State v. Hinderman , No. 2014AP1787, 361 Wis.2d 287, 2015 WL 569134, unpublished slip op. ¶12 (WI App Feb. 12, 2015).

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

Wisconsin Stat. § 346.63(1) provides in relevant part:
No person may drive or operate a motor vehicle while:
(a) Under the influence of an intoxicant, a controlled substance, a controlled substance analog or any combination of an intoxicant, a controlled substance and a controlled substance analog, under the influence of any other drug to a degree which renders him or her incapable of safely driving, or under the combined influence of an intoxicant and any other drug to a degree which renders him or her incapable of safely driving[.]

In this case, one of the searching officers testified that when searching the vehicle of an impaired driver, he is generally looking for "any substance ... that could impair a driver's ability to operate the motor vehicle safely ... whether that could be prescription medication, nonprescription medication, alcohol, illegal drugs, or even up to possibly an inhalant." We need not detail the copious cases across this state and country in which a driver is arrested for OWI, a search of the vehicle is conducted, and alcoholic beverages and/or drugs are found. As one court has expressed, "It is certainly logical and reasonable to expect that items related to alcohol or drug consumption, such as alcoholic beverage bottles or drug paraphernalia, might readily be contained in the intoxicated driver's car." People v. Evans , 200 Cal. App. 4th 735, 750, 133 Cal.Rptr.3d 323 (2011).

Coffee concedes that if the search of the bag was lawful, the search of the trunk also was lawful.