# COURT OF APPEALS
# DECISION
# DATED AND FILED

## November 18, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2020AP907-CR**

Cir. Ct. No. **2019CT15**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

TIMOTHY M. ARGALL,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Calumet County: JEFFREY S. FROEHLICH, Judge. *Affirmed*.

¶1    GUNDRUM, J.[1]  Timothy M. Argall appeals from a judgment of conviction for operating a motor vehicle while intoxicated (OWI), third offense. For the following reasons, we affirm.

*Background*

¶2    The following relevant testimony was presented at the evidentiary hearing on Argall's motion to suppress.

¶3    Argall was pulled over for a traffic stop when an officer observed him driving his vehicle after dark with no headlights on.  Upon making contact with Argall, the officer observed:  "slurred talking; glossy, red and yellow eyes; and [Argall was] unable to follow my questioning and could not give me direct answers to my questions.[2]  I also smelled … alcohol coming from the vehicle." When the officer asked Argall how much he had had to drink, he responded, "four to six beers."  Due to these observations, the officer had Argall step out of his vehicle to perform field sobriety tests.

¶4    Once out of his vehicle, Argall "kept putting his hands in his pockets."[3]  Because the officer viewed an individual putting his hands in his pockets as a safety concern, she "ask[ed] him if I can just pat him down for any weapons or anything that were to hurt me, and he stated I could."  When she then pat down Argall, she felt an object that she believed, based on her training and

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[2] For example, when the officer asked Argall where he was coming from, "[h]e kept telling me Chilton and then he eventually told me Cheers," a local bar in Chilton.

[3] It was January and cold outside.

experience, could "possibly be a pipe." The officer asked Argall about the object, and he indicated that he used it for smoking marijuana. She then pulled the object out of his pocket. The officer thereafter proceeded with having Argall perform field sobriety tests, which test results, including a .201 preliminary breath test result, led to the arrest of Argall based upon probable cause of OWI.

¶5 Argall moved to suppress "any fruits of the warrantless search." At the related evidentiary hearing, he sought testimony and made argument that the pat down that led to the discovery of the object in his pocket was unlawful. The court determined otherwise, concluding that the pat down was lawful because Argall consented to it. The court added:

> And, quite frankly, even if the Court were to take anything having to do with that piece of paraphernalia out of the equation, the officer had sufficient justification to put the defendant through the field sobriety tests, and the field sobriety tests and the PBT were sufficient for probable cause to arrest him.

The court denied Argall's suppression motion, and Argall appeals.

## *Discussion*

¶6 We are befuddled by this appeal.

¶7 Argall was charged with and convicted of operating a motor vehicle while intoxicated, third offense, and his appeal relates solely to this conviction; yet his briefing on appeal fails to address this conviction at all or identify any error by the circuit court related to it. Instead, he alleges only error by the court related to the arresting officer's search of his pockets, in which drug paraphernalia was found.

¶8 In reviewing a circuit court's order granting or denying a suppression motion, "[w]e will uphold the court's factual findings unless they are clearly erroneous, but we independently apply constitutional principles to those facts." *State v. Coffee*, 2019 WI App 25, ¶6, 387 Wis. 2d 673, 929 N.W.2d 245.

¶9 As the appellant, it is Argall's burden to convince us that the circuit court erred. *See Gaethke v. Pozder*, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381. Significantly, the circuit court denied Argall's suppression motion on two grounds: (1) Argall consented to the officer's request to do a pat down search of him, and (2) "the officer had sufficient justification to put the defendant through the field sobriety tests, and the field sobriety tests and the PBT were sufficient for probable cause to arrest" Argall, even if a lawful basis, such as consent, for the pat down search did not exist. Argall completely fails to develop an argument challenging these two holdings of the circuit court, and we find no error with them.

¶10 The officer testified that after observing Argall repeatedly place his hands in his pockets, she asked him if she could "pat him down for any weapons or anything that were to hurt me, and he stated I could." When she felt a suspicious object in his pocket, she asked him what it was, and he admitted that it was an object used for smoking marijuana. The circuit court concluded that Argall consented to the pat down search, and Argall fails to challenge this on appeal. As a result, he fails to convince us that the circuit court erred in its conclusion on this issue.

¶11 Directly related to the OWI conviction in this case, when the officer had Argall perform the field sobriety tests, Argall was already being lawfully temporarily detained based upon reasonable suspicion of OWI. Such suspicion

was reasonable as it was based on the fact that Argall had been driving his vehicle after dark without headlights on, he exhibited slurred speech as well as "glossy, red and yellow eyes," he was "unable to follow [the officer's] questioning and could not give [her] direct answers to [her] questions," he was coming from a bar and admitted consuming "four to six beers," and the officer observed the odor of alcohol coming from his vehicle. While the circuit court concluded that Argall freely consented to the search of his person, even if it erred in this conclusion, such error would be harmless as the temporary seizure of Argall for the OWI investigation was lawful. And, as the circuit court noted, that investigation, including the field sobriety tests and PBT provided the probable cause necessary to arrest Argall for OWI, third offense.

¶12    Argall has failed to convince us that the circuit court erred in any regard.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.